IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ADAM ERWIN,

               Plaintiff,

vs.                                                 Case No. 21-3213-SAC

JEFF ZMUDA, et al.,

               Defendants.

MEMORANDUM AND ORDER

On January 11, 2022, this court entered a memorandum and order requiring the plaintiff Christopher Adam Erwin ("Erwin") *pro se* by February 11, 2022, either to show good cause, in writing, to the Honorable Sam A. Crow, United States District Court Judge, why his complaint should not be dismissed for failure to state a claim due to the deficiencies discussed in that order **or** to file an amended complaint correcting those deficiencies which may be curable as a matter of law and fact. ECF# 10. This order further warned that if the plaintiff does not respond within the prescribed time, this matter may be dismissed without further notice. *Id*. at p. 38. The plaintiff has filed nothing in response to this order.

Six days before the court filed its memorandum and order, the plaintiff filed a 57-page document entitled, "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction." ECF# 9. He asks the court to ensure that he receive his "necessary medical care and medical diet as a Type 1 Diabetic prisoner at El Dorado Correctional Facility in El Dorado, Kansas." ECF# 9, ¶ 1. He summarily references his claims as alleged through the date of his complaint and asserts his rights have been and will continue to be violated without a preliminary injunction. *Id*. at ¶ 6. He

1

alleges that nurses deliver the insulin to his segregation pod either too early or too late in connection with his meals or that food services personnel do not deliver his meals according to his schedule, and that the failure to correspond the timing of insulin and meals causes the plaintiff "serious blood sugar control problems." *Id.* at ¶¶ 10-11, 14. He seeks an order requiring his insulin and meals to arrive within 30 minutes of his scheduled time, a current diabetic menu with carbohydrate information on all food selections, and medically proper snack sacks per his request. In arguing a likelihood of success on the merits, the plaintiff argues the defendants intentionally interfered with his prescribed medical treatment in violation of the Eighth Amendment. He also asserts the defendants' failure to carry out physician's orders is unconstitutional. As with all his pleadings, the plaintiff instead of alleging the specifics of any prescribed medical treatment or medical orders refers to medical visits with nursing staff and his understanding on what was agreed for his schedule of meals and insulin shots. In short, he only alleges his opinion on what is necessary medical treatment as well as his conclusion that any deviation or delay knowingly endangers his life.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite*

*Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by the plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions are drastic remedies, "the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

      The court finds that the plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. The plaintiff's pleading did not overcome the many pleading deficiencies subsequently identified in the court's order. Nor has the plaintiff filed any supplement to cure or address the pleading deficiencies. As the record stands, by not responding to the court's order to show cause, the plaintiff faces dismissal without further notice.

3

This order nor its prior one should be read or understood as dismissive of the baseline seriousness for the care and treatment of a prisoner who has type 1 diabetes and is dependent on insulin. The plaintiff's complaint, however, comes across as wanting a more comfortable prison rather than stopping an inhumane one. See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Erwin has alleged in detail his frustration over staff's delays, their inability to meet his schedule for meals and shots consistently and particularly now that he is in segregation, and their repeated failure to respond immediately to his complaints and concerns over their delays. Not directly alleged but inferable from his pleadings is that the defendants seem to appreciate the seriousness of his condition and to accommodate his physical needs and care with substitute foods and alternative measures to work around the lengthier, but only occasional, institutional breakdowns in delivering meals and care on schedule. As for all other delays, there is nothing alleged about their circumstances that approaches substantial harm or deliberate indifference.

What is lacking from the plaintiff's allegations are the objective facts showing what medical care and treatment was ordered by medical staff for his specific condition and what, if any, substantial harm resulted from the delays. As fully discussed in the court's prior order, to be a sufficiently serious deprivation under the Eighth Amendment, the delay in medical care must be alleged to have resulted in substantial harm. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2001)("The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). "[S]everal hours of untreated severe pain" counts as substantial harm. *Al-

*Turki v. Robinson*, 762 F.3d 1188, 1194 (10th Cir. 2014); see *Chapman v. Santini*, 805 Fed. Appx. 548, 554 (10th Cir. 2020) (Inmate had "a severe form of Type 1 diabetes that require[d] specialized medical care," 3 to 6 daily insulin shots, and without such care the inmate's life was "constantly in danger." The lack of care resulted in the inmate suffering "serious bouts of hypoglycemia and hyperglycemia multiple times a week—often several days in a row—as well as multiple life-threatening bouts of extreme hypoglycemia."). The plaintiff Erwin's allegations lack any objective facts showing anything close to what was alleged in *Chapman*. The plaintiff also must allege the defendant exhibited the culpable state of mind known as deliberate indifference, that is, knowing the inmate "faced a substantial risk of harm and disregarded the risk." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The plaintiff's complaint is deficient in alleging sufficient circumstantial evidence from which to infer that a defendant failed to verify or confirm a "risk that he strongly suspected to exist." *Mata v. Saiz*, 427 F.3d at 752.

      As this court's screening order necessarily reflects, the plaintiff's allegations point more to a facility and staff failing to provide the plaintiff with the comfortable place he wants. Such a place in the plaintiff's judgment would rarely miss the timely delivery of a scheduled meal or medication, would correct its food mistakes within 30 minutes, would supply menus with carbohydrate information, would respond immediately to his complaints, and would accept his opinions on the right schedule for medication and meals and on his need for sliced bread over other kinds of bread. The plaintiff has failed to come forward with sufficient allegations of objective facts that present a plausible legal claim for relief or that nudge his claims

from conceivable to plausible. It is not this court's duty to add these factual allegations or speculate about them.

Because the plaintiff has not filed any response to the court's screening order, and the imposed deadline for filing the same has passed. The court adopts its findings and conclusions set out in its prior order as the reasons for now ruling that the plaintiff's following claims fail to state a claim for relief and shall be dismissed with prejudice: 1) any claim for monetary damages under 42 U.S.C. § 1983 based on the circumstances resulting in his disciplinary conviction; 2) all due process claims for lacking a protected liberty interest based on administrative segregation or loss of prison employment and lacking a protected property interest; 3) all claims over the mishandling of, unfair, or inadequate grievance process; 4) all ADA claims against individual defendants sued in their individual capacities and all individual defendants employed by the private corporations Centurion or Aramark; and 5) any request for compensatory or punitive damages. At the same time, the court cannot say from the record as it stands that dismissing the plaintiff's other claims with prejudice would be appropriate. Therefore, the court shall dismiss all other claims without prejudice.

IT IS THEREFORE ORDERED that plaintiff's declaration and apparent motion for preliminary injunction (ECF# 9) is denied;

IT IS FURTHER ORDERED that the plaintiff's complaint is dismissed for failure to state a claim for relief and those claims specifically identified above are dismissed with prejudice and the remaining claims are dismissed without prejudice.

Dated this 2nd day of March, 2022, Topeka, Kansas.

7

                              <u>s/Sam A. Crow</u>
                              Sam A. Crow, U.S. District Senior Judge